**FILED**

APR - 3 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

Cindy Lina Vu
16284 Mount Islip Circle
Fountain Valley, CA 92708
(714)376-5120
cindyvip21@yahoo.com
Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MINH TUONG NGUYEN,<br><br>Debtor.<br><br>―――――――――――――<br><br>CINDY LINA VU,<br>Plaintiff,<br>vs.<br>MINH TUONG NGUYEN,<br>Defendant. | Case No.: 8:26-bk-10347-SC<br><br>Chapter 7<br><br><br>Adv. No. _8:26-ap-01044-SC_<br><br>**FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727** |

**TO THE HONORABLE JUDGE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Cindy Lina Vu ("Plaintiff"), appearing pro se, files her First Amended Complaint to Determine Nondischargeability of Debt and to Deny Discharge pursuant to 11

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 1

U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and (a)(3) and 11 U.S.C. §§ 727 (a)(2) and (a)(4) and alleges against defendant-debtor Minh Tuong Nguyen ("Defendant" or "Debtor") as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

3. Venue is proper in this District under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the bankruptcy case of In re Minh Tuong Nguyen, Case No. 8:26-bk-10347-SC, pending in this Court.

4. Plaintiff consents to entry of final orders and judgment by this Court.

## II. PARTIES

5. Plaintiff Cindy Lina Vu is an individual creditor residing in Fountain Valley, California.

6. Defendant Minh Tuong Nguyen is the debtor in the above-captioned Chapter 7 case.

## III. GENERAL ALLEGATIONS

A. The October 2021 Transaction

7. Before October 2021, Plaintiff held an ownership interest in real property located at 1789 Kinglet Court, Costa Mesa, California 92626 ("Kinglet Property"). *Exhibit A- Kinglet Grantee Information.*

8. In mid-October 2021, Defendant personally solicited Plaintiff to relinquish her Kinglet Property interest and represented, in substance, that if Plaintiff did so, Defendant would provide Plaintiff a secured obligation in the principal amount of $406,000, secured by real property located at 10042 Rangeview Drive, Santa Ana, California 92705 ("Rangeview Property"), and that Defendant would repay Plaintiff in approximately three months.

9. Defendant made that representation directly to Plaintiff, in a face-to-face or direct personal transaction, for the purpose of inducing Plaintiff to transfer valuable property rights.

10. Defendant further represented, expressly or by necessary implication, that he had the authority, ability, and present intent to cause Plaintiff to receive a real and meaningful

security interest tied to the Rangeview Property and to repay the obligation within the stated time.

11. The representation concerned a specific transaction, a specific amount, a specific parcel, and a specific repayment period. It was not vague future talk or mere negotiation.

12. In reliance on Defendant's representations, Plaintiff agreed to the transaction and executed documents intended to evidence and secure the obligation, including a promissory note and deed of trust relating to the Rangeview Property. *Exhibit B*

13. Plaintiff's deed of trust was notarized by Quan Minh Pham, the husband of Julie Dao, the escrow officer on these transactions. *Exhibit C-Rangeview Deed of Trust.*

14. On or about October 21, 2021, Plaintiff relinquished her ownership interest in the Kinglet Property, thereby conferring substantial value and benefit on Defendant. *Exhibit D-Kinglet Grant Deed.*

15. On December 6, 2021, Julie Dao recorded a Deed of Trust on Rangeview Property with her and Quan Minh Pham as beneficiaries in third position, then recorded Plaintiff's Deed of Trust on Rangeview Property in fourth position. *See Exhibit E- Preliminary Title Report*

16. On July 26, 2023, Defendant filed for chapter 7 bankruptcy on Starworld USA LLC, his own entity. As a result, the first lienholder foreclosed on Property B without disbursement to Plaintiff as fourth position. *See Exhibit F- Starworld USA LLC Bankruptcy*

17. Plaintiff fully performed the part of the transaction required of her.

18. Defendant never repaid the promised $406,000 obligation.

19. When Defendant made the foregoing representations in mid-October 2021, Defendant did not intend to repay Plaintiff within approximately three months and did not intend to provide Plaintiff the benefit of the secured Rangeview-linked arrangement he represented. At the time of the representation, Defendant already controlled the Rangeview Property and used the promised note-and-deed-of-trust structure to obtain Plaintiff's transfer of valuable joint ownership rights while planning not to perform.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 3

security interest tied to the Rangeview Property and to repay the obligation within the stated time.

11. The representation concerned a specific transaction, a specific amount, a specific parcel, and a specific repayment period. It was not vague future talk or mere negotiation.

12. In reliance on Defendant's representations, Plaintiff agreed to the transaction and executed documents intended to evidence and secure the obligation, including a promissory note and deed of trust relating to the Rangeview Property. *Exhibit B*

13. Plaintiff's deed of trust was notarized by Quan Minh Pham, the husband of Julie Dao, the escrow officer on this transactions. *Exhibit C-Rangeview Deed of Trust.*

14. On or about October 21, 2021, Plaintiff relinquished her ownership interest in the Kinglet Property, thereby conferring substantial value and benefit on Defendant. *Exhibit D-Kinglet Grant Deed.*

15. On December 6, 2021, Julie Dao recorded a Deed of Trust on Rangeview Property with her and Quan Minh Pham as beneficiaries in third position, then recorded Plaintiff's Deed of Trust on Rangeview Property in fourth position. *See Exhibit E- Preliminary Title Report*

16. On July 26, 2023, Defendant filed for chapter 7 bankruptcy on Starworld USA LLC, his own entity. As a result, the first lienholder foreclosed on Property B without disbursement to Plaintiff as fourth position. *See Exhibit F- Starworld USA LLC Bankruptcy*

17. Plaintiff fully performed the part of the transaction required of her.

18. Defendant never repaid the promised $406,000 obligation.

19. When Defendant made the foregoing representations in mid-October 2021, Defendant did not intend to repay Plaintiff within approximately three months and did not intend to provide Plaintiff the benefit of the secured Rangeview-linked arrangement he represented. At the time of the representation, Defendant already controlled the Rangeview Property and used the promised note-and-deed-of-trust structure to obtain Plaintiff's transfer of valuable joint ownership rights while planning not to perform.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 3

20. Defendant used the promised note-and-deed-of-trust structure to obtain Plaintiff's Kinglet Property transfer while intending either:

   a. not to perform at all;

   b. to leave Plaintiff without the practical benefit of the promised security;

   c. to postpone or evade payment after obtaining Plaintiff's transfer; or

   d. some combination of the foregoing.

21. Plaintiff's allegation of fraudulent intent is not based solely on later nonpayment. It is based on the transaction as a whole, including:

   a. Defendant's specific promise of a short three-month repayment period;

   b. Defendant knowingly and intentionally misrepresented the lien position and delayed recording in coordination with Julie Dao and Quan Minh Pham to place Plaintiff's lien in a fourth position and placed themselves in third position, thereby materially reducing or eliminating the security of Plaintiff's interest.

   c. Defendant's use of documents intended to induce confidence and immediate performance by Plaintiff;

   d. Defendant's failure ever to repay the obligation after obtaining Plaintiff's property rights;

   e. Defendant's later sworn treatment of Plaintiff's claim as a Rangeview-linked secured claim in an affiliated bankruptcy case; and

   f. Defendant's subsequent materially inconsistent treatment of Plaintiff's claim in his own individual bankruptcy case.

22. The representation was material because Plaintiff would not have relinquished her Kinglet Property interest absent Defendant's promise that she would receive a secured obligation tied to the Rangeview Property and repayment in approximately three months.

23. Plaintiff justifiably relied on Defendant's representation because Defendant held himself out as having the ability and authority to structure and secure the transaction, and because the transaction was accompanied by formal documents intended to memorialize and secure the obligation.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 4

24. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages of at least $406,000, plus interest and other amounts according to proof.

B. Defendant's Prior Sworn Bankruptcy Filings Corroborate the Rangeview-Linked Nature of Plaintiff's Claim

25. In 2023, Defendant personally signed, authorized, or controlled multiple Chapter 7 filings on behalf of affiliated limited liability companies, including Starworld USA LLC, Jocotal LLC, Viet Ideas LLC, and Villa Park Mansion LLC.

26. In the Starworld USA LLC case, Defendant signed the petition as manager.

27. In the Villa Park Mansion LLC case, Defendant signed the petition as manager.

28. In the Jocotal LLC case, Defendant authorized the filing through written consent as sole manager and sole member.

29. In the Viet Ideas LLC case, Defendant signed the corporate ownership statement under penalty of perjury as the authorized person for the debtor.

30. These filings show Defendant's direct control over the entities and his familiarity with bankruptcy disclosures, creditor characterization, and the use of real-property-linked secured claims.

31. In the Starworld USA LLC schedules, the debtor listed 10042 Rangeview Drive as real property with a stated value of approximately $4,000,000.

32. In that same Starworld case, Plaintiff Cindy Lina Vu was listed in Schedule D as a creditor with a claim of approximately $465,658, associated with the Rangeview Property and incurred on or about October 1, 2021.

33. Plaintiff was also separately listed by name and address in the Starworld mailing matrix.

34. Defendant's sworn Starworld filings corroborate at least the following:

    a. Defendant knew Plaintiff's claim was tied to the Rangeview Property;

    b. Defendant knew Plaintiff's claim had been treated as a secured, real-property-linked obligation; and

    c. Defendant was not mistaken about the basic nature of Plaintiff's claim.

35. Plaintiff further alleges the other affiliated LLC filings because they show Defendant's repeated use of controlled entities to hold real property and schedule secured claims tied to real property.

36. In the Viet Ideas LLC schedules, despite listing a multimillion-dollar real property asset, the debtor reported no cash, no checking or savings accounts, and no meaningful personal property other than the real property. Plaintiff alleges this not as a separate claim for relief here, but as part of the factual context showing Defendant's sophistication with bankruptcy scheduling and property characterization.

C. Defendant's Current Individual Bankruptcy Filing Treated Plaintiff's Claim Inconsistently

37. Defendant filed the present Chapter 7 case on February 4, 2026.

38. In Defendant's current individual schedules and statements, Plaintiff's claim was not disclosed consistently with the prior Rangeview-linked secured characterization reflected in the Starworld case. Instead, the claim was treated in a manner that omitted or minimized its secured, real-property-linked nature.

39. Plaintiff alleges this inconsistency because it supports the inference that Defendant knew Plaintiff's claim had arisen from a specific real-property-secured transaction and later took a materially inconsistent position when it served his interests to do so.

D. Defendant's Petition Also Contained a False Oath Regarding Prior Bankruptcy History

40. In Part 2, Question 9 of Defendant's petition in this case, Defendant checked "No" and represented under penalty of perjury that he had not filed any bankruptcy case within the prior eight years.

41. On November 13, 2023, a prior Chapter 7 case, Case No. 8:23-bk-12383-SC, was filed in this same Court and listed 10042 Rangeview Drive as the debtor's residence. That 2023 filing was attributable to Defendant.

42. The 2023 filing was attributable to Defendant based on the following linkage facts:

a. the 2023 personal case used the same Rangeview address that was central to Plaintiff's October 2021 transaction and that later appeared in Defendant-controlled Starworld schedules;

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 6

b. Defendant exercised documented control over affiliated bankruptcy filings involving the same Rangeview Property;

c. Defendant later disclosed the Starworld USA LLC bankruptcy as a related case in the current bankruptcy proceeding, thereby acknowledging his role in a 2023 Rangeview-linked bankruptcy filing; and

d. the present petition was filed in a context of immediate creditor enforcement pressure, supporting the inference of deliberate concealment rather than innocent oversight.

43. When Defendant answered "No" to Question 9, Defendant knew that answer was false, or at minimum acted with reckless indifference to the truth of a matter central to his bankruptcy history.

44. The false statement was material because prior bankruptcy filings bear directly on the administration of the estate, the debtor's candor, creditor rights, and the Court's evaluation of the debtor's financial history and use of the bankruptcy system.

45. Defendant has elsewhere denied being the filer of the 2023 personal case and has asserted that any such filing involved a different Social Security number, but the 2023 filing was attributable to Defendant based on the linkage facts above and the broader pattern of Defendant's sworn use and control of Rangeview-linked and affiliated bankruptcy filings.

46. On January 29, 2026, only six days before Defendant filed this Chapter 7 case, the Orange County Superior Court entered a turnover order directing Adore Escrow, Inc. to deliver $38,000 to the Orange County Sheriff pursuant to a prepetition levy. Plaintiff alleges this timing not as an independent § 523 basis, but as further factual context bearing on motive, knowledge, and intent.

E. Defendant did not notify Plaintiff of this bankruptcy filing.

47. Plaintiff was listed in Defendant's bankruptcy schedules at an incorrect address: 284 Mt Islip, Fountain Valley, CA 92708. *See Exhibit G- List of Creditors*

48. Plaintiff's correct address is 16284 Mount Islip Circle, Fountain Valley, CA 92708.

49. As a result of the incorrect address, Plaintiff did not receive any notice or have actual knowledge of the bankruptcy filing or relevant deadlines to file a timely complaint.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 7

## IV. FIRST CLAIM FOR RELIEF

Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

(False Pretenses, False Representation, and Actual Fraud)

50. Plaintiff realleges and incorporates paragraphs 1 through 49 as though fully set forth herein.

51. In mid-October 2021, Defendant represented to Plaintiff that if Plaintiff relinquished her Kinglet Property interest, Defendant would provide Plaintiff a secured obligation against the Rangeview Property in the amount of $406,000 and repay Plaintiff within approximately three months.

52. The representation was false when made.

53. At the time Defendant made the representation, Defendant knew it was false, or made it with reckless disregard for its truth, because Defendant did not then intend to perform as represented and did not then intend Plaintiff to receive the actual benefit of the promised secured Rangeview-linked arrangement.

54. Defendant made the representation with the intent and purpose of deceiving Plaintiff and inducing Plaintiff to transfer her Kinglet Property interest.

55. Plaintiff in fact and justifiably relied on Defendant's representation.

56. In reliance on the representation, Plaintiff relinquished her Kinglet Property interest and thereby transferred valuable property rights and benefit.

57. By reason of the foregoing false pretenses, false representation, and actual fraud, Defendant obtained money, property, services, or credit within the meaning of 11 U.S.C. § 523(a)(2)(A).

## V. SECOND CLAIM FOR RELIEF

Nondischargeability Under 11 U.S.C. § 523(a)(4)

(Fraud/Fiduciary Misconduct)

58. The transaction involved fiduciary duties within the escrow process.

59. Defendant engaged in defalcation and wrongful conduct in connection with the handling of escrow funds and lien placement.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 8

60. By reason of the foregoing actual fraud and fiduciary misconduct, Defendant obtained money, property, services, or credit within the meaning of 11 U.S.C. § 523(a)(4)

## VI. THIRD CLAIM FOR RELIEF

Nondischargeability Under 11 U.S.C. § 523(a)(6)

(Willful and Malicious Injury)

61. Plaintiff realleges and incorporates paragraphs 1 through 60 as though fully set forth herein.

62. Defendant intentionally induced Plaintiff to surrender her ownership interest in the Kinglet Property.

63. Defendant did so through knowingly false promises made for the purpose of obtaining Plaintiff's property rights.

64. Defendant knew that if Plaintiff transferred her Kinglet Property interest in reliance on those false promises and Defendant did not honor the promised secured repayment arrangement, injury to Plaintiff's property rights was substantially certain to occur.

65. Defendant's conduct was tortious, wrongful, intentional, and done without just cause or excuse.

66. The injury to Plaintiff was not merely the result of a simple breach of contract or nonpayment. Rather, it resulted from Defendant's intentional procurement of Plaintiff's transfer of property rights by fraud.

67. By intentionally causing Plaintiff to surrender valuable property rights through fraudulent inducement, Defendant caused willful and malicious injury to Plaintiff and to Plaintiff's property interests.

68. The resulting debt is therefore nondischargeable under 11 U.S.C. § 523(a)(6).

## VII. FOURTH CLAIM FOR RELIEF

Denial of Discharge 11 U.S.C. §§ 727(a)(2) and (a)(4)

(False Oath)

69. Plaintiff realleges and incorporates paragraphs 1 through 68 as though fully set forth herein.

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 9

70. In connection with this bankruptcy case, Defendant made a false oath by answering "No" to Part 2, Question 9 of the petition, thereby denying any bankruptcy filing within the prior eight years.

71. That answer was false because Defendant had previously been the filer, or the person attributable as filer, in Case No. 8:23-bk-12383-SC, filed on November 13, 2023.

72. That attribution is based on the specific linkage facts alleged above, including the use of the identical Rangeview address, Defendant's documented control of related 2023 bankruptcies involving the same property, and Defendant's own role in the Starworld USA LLC filing.

73. The false oath was material.

74. The false oath bore directly on Defendant's bankruptcy history, the administration of the estate, the Court's ability to evaluate Defendant's candor, and creditors' rights.

75. Defendant made the false oath knowingly and fraudulently, or with reckless indifference to the truth, because the existence or attribution of a prior bankruptcy filing within eight years is not a trivial matter and was within Defendant's personal knowledge.

76. Defendant's discharge should therefore be denied under 11 U.S.C. § 727, including but not limited to subsections (a)(2) and (a)(4).

## VIII. FIFTH CLAIM FOR RELIEF

Nondischargeability Under 11 U.S.C. § 523(a)(3)

(Lack of Notice)

77. Plaintiff was not properly notified of the bankruptcy case due to the incorrect address information.

78. As a result, Plaintiff was deprived of due process and the opportunity to timely assert her rights.

79. Therefore, the debt owed to Plaintiff is not dischargeable.

## IX. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 10

1. For a determination that Defendant owes Plaintiff a debt in an amount of at least $406,000, plus prejudgment interest and other amounts according to proof;

2. For a determination that such debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

3. For judgment denying Defendant a discharge under 11 U.S.C. § 727(a)(4)(A);

4. For costs of suit as allowed by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: April 2, 2026                    Respectfully Submitted,


_____

Cindy Lina Vu

16284 Mount Islip Circle

Fountain Valley, CA 92708

(714)376-5120

Plaintiff, Pro Se

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY
DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 11

## VERIFICATION

I, Cindy Lina Vu, am the Plaintiff in this adversary proceeding. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2026, at Fountain Valley, California.

_____

Cindy Lina Vu

## INDEX OF EXHIBITS

(to be attached)

Exhibit A- Kinglet Grantee Information 7/2/2021

Exhibit B- Rangeview Promissory Note 10/1/2021

Exhibit C- P Rangeview Deed of Trust 10/12/2021

Exhibit D- Kinglet Grant Deed 10/12/2021

Exhibit E- Preliminary Title Report Excerpt – Pages 6-7

Exhibit F- Starworld LLC Bankruptcy Notice 7/26/2023

Exhibit G- List of Creditors

FIRST AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727 - 12

RecorderWorks

Back To Search Result

Add Document to Shopping Cart

Images may not be viewed online

Back to Portal

**Document Number:** 2021000433414

| Home | Name | Document Number | Document Type | Map | Recording Date | Options |
|---|---|---|---|---|---|---|

Number of Pages: 2  Recording Date: 7/2/2021

**Document Types**

GRANT DEED

**Details**

City:                 NO TRANS TAX
Transfer Tax Amount:  0.0000
Non Disc Tax Amount:  0.0000
Lot #:                47
Tract #:              6663

**Grantors**

NGUYEN TUONG MINH

**Grantees**

VU CINDY LINA
NGUYEN TUONG MINH

**Grantor/Grantee**

**Shopping Instructions**

- Click "Add Document" to purchase this record.
- Click "Add Current Page" to purchase the current image only.
  Frequently Asked Questions ()

| | Document Number | Grantor | Grantee |
|---|---|---|---|
| ☐ | 2021000433416 | NGUYEN TRUONG MINH | VU CINDY LINA |
| | | NGUYEN TRUONG MINH | VU CINDY LINA |
| ☐ | 2021000605303 | PAGKATIPUNAN CEZAR S | VU CINDY THANH |
| | | PAGKATIPUNAN MARIA SUSANA BEMABE | |
| ☐ | 2021000637649 | VU CINDY | VU CINDY TR |
| ☐ | 2021000734819 | NGUYEN TUONG MINH | VU CINDY LINA |
| ☐ | 2021000738310 | DO JOHNNY | VU CINDY HA |
| ☐ | 2021000754111 | VU CINDY LINA | VU CINDY LINA |

Exhibit B

Fountain Valley
10/1/2021
**Promissory Note**

On this date of 10/1/2021, in return for valuable consideration received, the undersigned borrower **Tuong Minh Nguyen** promises to pay **Cindy Lina Vu**, the beneficiaries, the sum of **$406,000.00 U.S.** dollars.

**Collateral:** The property to be used as collateral for the above loan is 10042 Rangeview Dr, North Tustin, CA 92705

**Terms of Repayment:**
This loan shall be paid under the following terms: charge $2,500.00 a month starting 11/1/2021. The term will end 01/22/2022

The term will end when Tuong Minh Nguyen sells his house on the above property and the other 2 properties that he currently owned on 10042 Rangeview North Tustin Ca92705 and 11051 Goldstar Ln North Tustin Ca 92705.

**Payable On Demand:** The entire unpaid principal and accrued interest thereon, if any, shall become immediately due and **payable 03 months from** the signed date or the demand by the holder of the Note in the event of the buyers defaulted or the said property was sold.

**Late Fees:** In the event that a monthly payment due under this Note is not made within the first (5) five days of the 1st of each month from the signed date, the borrowers shall pay an additional 5% ($100) of the payment after the 16th

**Place of Payment** – all payments due under this Note shall be made to Cindy Vu

**Prepayment** – This Note may be prepaid in whole or in part at any time with no prepayment penalty on the principle

Borrower: Tuong Minh Nguyen     Date  10/1/2021     Lender: Cindy Lina Vu

Exhibit C

RECORDING REQUESTED BY
LAWYERS TITLE
RECORDING REQUESTED BY:
~~Cindy Lina Vu~~

AND WHEN RECORDED MAIL TO:
Cindy Lina Vu
16284 Mt Islip
Fountain Valley, CA 92708
Order No.:
Escrow No.:

APN: 503-194-04

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

94.00
*$R0013381573$*
2021000734819 4:30 pm 12/06/21
371 RW10A D11   4
0.00 0.00 0.00 0.00 9.00 0.00 0.000.0075.00 3.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

This Deed of Trust, made this Oct 1st, 2021, between Tuong Minh Nguyen, herein called TRUSTOR, whose address is 10042 Rangeview, Santa Ana, CA 92705 and, Go Funding herein called TRUSTEE, and Cindy Lina Vu herein called BENEFICIARY

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Orange County, California, described as: 10042 Rangeview, Santa Ana, CA 92705

Real property in the City of Santa Ana, County of Orange, State of California, described as follows:
See Exhibit A

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:

**ACCOMMODATION**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **$406,000.00 (Four hundred and six thousand dollars)** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

1

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property, consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive

2

proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Tuong Minh Nguyen

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
COUNTY OF __ORANGE__         ) SS.
                             )

On __10/12/2021__ before me, __QUAN MINH PHAM__, Notary Public, personally appeared __TUONG MINH NGUYEN__

who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

FOR NOTARY STAMP



QUAN MINH PHAM
COMM. #2304763
Notary Public - California
Orange County
My Comm. Expires Sep. 12, 2023

3

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SANTA ANA, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1.

LOT 2 OF TRACT NO. 3021, IN THE CITY OF SANTA ANA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 92 PAGE(S) 5, 6, 7, 8 AND 9 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2.

THAT PORTION OF BLOCK 15 OF IRVINE'S SUBDIVISION, AS PER MAP RECORDED IN BOOK 1 PAGE 88 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS,

BEGINNING AT THE MOST SOUTHERLY CORNER OF LOT 2 OF TRACT NO. 3021, AS PER MAP RECORDED IN BOOK 92 PAGES 5 TO 9 INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, NORTH 20 DEGREES 45 MINUTES 45 SECONDS EAST 36.00 FEET TO AN ANGLE POINT OF BOUNDARY OF SAID LOT 2; THENCE SOUTH 76 DEGREES 16 MINUTES 00 SECONDS EAST 31.00 FEET TO AN ANGLE POINT ON SAID BOUNDARY, THENCE SOUTH 28 DEGREES 12 MINUTES 30 SECONDS WEST 54.05 FEET TO THE SOUTHEASTERLY PROLONGATION OF THE SOUTHWESTERLY LINE OF SAID LOT 2; THENCE NORTH 39 DEGREES 04 MINUTES 59 SECONDS WEST ALONG SAID PROLONGATION TO THE POINT OF BEGINNING.

EXCEPT FROM THE LAND HEREINABOVE DESCRIBED, ONE HALF OF THE ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS NOW AND HEREINAFTER IN, ON AND UNDER SAID LAND, AS RESERVED BY JOHN REGAN AND WIFE IN DEED RECORDED OCTOBER 01, 1948 IN BOOK 1709 PAGE 157, OFFICIAL RECORDS.

APN: 503-194-04

RECORDING REQUESTED BY:
Tuong Minh Nguyen

Order No.
Escrow No.
Parcel No. 139-632-22

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENT TO
Tuong Minh Nguyen
11843 Rangeview Dr.
North Tustin, CA 92705

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

13.00

2021000640505 10:47 am 10/20/21
237 NC-S G02   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000 000.00 3.00

SPACE ABOVE THIS LINE FOR RECORDERS USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS 0.00 and CITY 0.00 $

☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area;    ☒ Costa Mesa, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Cindy Lina Vu, an unmarried woman and Tuong Minh Nguyen, an unmarried man as joint tenants

hereby GRANT(S) to    Tuong Minh Nguyen, an unmarried man

the following described real property in the County of Orange, State of California:
See Exhibit A attached hereto and made a part hereof.
More commonly known as: 1789 KINGLET CT, COSTA MESA, CA 92626-4837

Date    10/5/2021

_____
Tuong Minh Nguyen

_____
Cindy Lina Vu

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE    }S.S.

On 10/15/2021, before me, QUAN MINH PHAM, a notary public, personally appeared CINDY LINA VU and TUONG MINH NGUYEN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Seal)

QUAN MINH PHAM
COMM. #2304763
Notary Public - California
Orange County
My Comm. Expires Sep. 12, 2023

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

**FIDELITY NATIONAL TITLE COMPANY**                                    **PRELIM NO. OC2300809**

11.  The matters set forth in the document shown  below which, among other things, contains or provides for: certain easements; liens and the subordination thereof; provisions relating to partition; restrictions on severability of component parts; and covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including, but not limited to those based upon age, race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law

Entitled:              Declaration of Covenant condition and restriction
Recording No.:         Book 3636, Page 152, of Official Records

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or trust deed made in good faith and for value.

Said instrument also provides for the levy of assessments, the lien of which is stated to be subordinate to the lien of a first mortgage or first deed of trust made in good faith or for value.

12.  A deed of trust to secure an indebtedness in the amount shown below,

Amount:                $1,900,000.00
Dated:                 August 5, 2020
Trustor/Grantor:       Tuong Minh Nguyen, a married man as his sole and separate property
Trustee:               Prominent Escrow
Beneficiary:           Bench Equity, L.L.C., an Arizona limited liability company
Loan No:               None Shown
Recording Date:        August 12, 2020
Recording No.:         2020-404986, of Official Records

An assignment of the beneficial interest under said deed of trust which names:

Assignee:              Azben Limited LLc, an Arizona limited liability company
Loan No.:              None shown
Recording Date:        September 30, 2020
Recording No:          2020-535113, of Official Records

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

Trustee:               Geraci Law Firm
Recording Date:        October 28, 2022
Recording No:          2022-349288, of Official Records

A Notice of Default under the terms of said deed of trust

Executed by:           Geraci Law Firm by Total Lender Solutions, Inc. its authorizedagent
Recording Date:        March 6, 2023
Recording No:          2023000050731, of Official Records

**FIDELITY NATIONAL TITLE COMPANY**                                    **PRELIM NO. OC2300809**

A Notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Tuong Minh Nguyen, a married man as his sole and separate propert |
| Date, Time and Place of Sale: | 7/10/2023 at 3:00 PM, on the front steps to the entrance of the Orange Civic Center, 300 East Chapman Avenue, Orange, CA |
| Recording Date: | June 8, 2023 |
| Recording No: | 2023000135686, of Official Records |

13.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $508,000.00 |
| Dated: | July 1, 2021 |
| Trustor/Grantor: | Tuong Minh Nguyen |
| Trustee: | Go Funding |
| Beneficiary: | Julie Dao and Quan Pham |
| Loan No: | None Shown |
| Recording Date: | December 6, 2021 |
| Recording No.: | 2021-734818, of Official Records |

This Company will require that the original note, the original deed of trust and a properly executed request for full reconveyance together with appropriate documentation (i.e., copy of trust, partnership agreement or corporate resolution) be in this office prior to the close of this transaction if the above-mentioned item is to be paid through this transaction or deleted from a policy of title insurance.

Any demands submitted to us for payoff must be signed by all beneficiaries as shown on said deed of trust, and/or any assignments thereto. In the event said demand is submitted by an agent of the beneficiary(s), we will require the written approval of the demand by the beneficiary(s). Servicing agreements do not constitute approval for the purposes of this requirement.

If no amounts remain due under the obligation a zero balance demand will be required along with the reconveyance documents.

In addition, we require the written approval of said demand by the trustor(s) on said deed of trust or the current owners if applicable.

14.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $406,000.00 |
| Dated: | October 1, 2021 |
| Trustor/Grantor: | Tuong Minh Nguyen |
| Trustee: | Go Funding |
| Beneficiary: | Cindy Lina Vu |
| Loan No: | None Shown |
| Recording Date: | December 6, 2021 |
| Recording No.: | 2021-734819, of Official Records |

This Company will require that the original note, the original deed of trust and a properly executed request for full reconveyance together with appropriate documentation (i.e., copy of trust, partnership agreement or corporate resolution) be in this office prior to the close of this transaction if the above-mentioned item is to be paid through this transaction or deleted from a policy of title insurance.

Any demands submitted to us for payoff must be signed by all beneficiaries as shown on said deed of trust, and/or any assignments thereto. In the event said demand is submitted by an agent of the beneficiary(s), we will

## Exhibit F



**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 07/26/2023 at 1:45 PM and filed on 07/26/2023.

Starworld USA LLC
10302 Villa Del Cerro
Santa Ana, CA 92705
Tax ID / EIN: 85-1989088

The case was filed by the debtor's attorney:    The bankruptcy trustee is:

Stella K Park
Park & Zheng
8 Venture, Suite 270
Irvine, CA 92618
949-679-3372

Thomas H Casey (TR)
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
(949) 766-8787

The case was assigned case number 8:23-bk-11508-TA to Judge Theodor Albert.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our Internet home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth Street, Suite 2030., Santa Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

Kathleen J. Campbell
Clerk, U.S. Bankruptcy Court

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/26/2023 14:09:03 | | |
| PACER Login: | atty152659 | Client Code: | STARWORLD |
| Description: | Notice of Filing | Search Criteria: | 8:23-bk-11508-TA |
| Billable Pages: | 1 | Cost: | 0.10 |

    

Leonard  Pena
1003 Diamond Avenue Suite 202
South Pasadena, CA 91030


Julie Dao and Quan Pham
310 N Olympia Place
Anaheim, CA 92806


11 Charter Communications
16011 College Blvd
Lenexa, KS 66219-1366


Ashley Anh Thu Nguyen
104 Nest Pine
Irvine, CA 92602


Chi Phung Luu To
5412 Old Pirate Dr,
Huntington Beach, CA 92649


Cindy Lina Vu
284 Mt Islip
Fountain Valley, CA 92708


Directions Law
Directions Law
9140 Trask Ave, Suite 100
Garden Grove, CA