MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br>Debtor.<br><br>CINDY LINA VU,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | Case No.: 8:26-bk-10347-SC<br><br>Adv. No.: 8:26-ap-01044-SC<br><br>**DEFENDANT MINH TUONG NGUYEN'S ANSWER TO CINDY LINA VU'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**<br><br>[11 U.S.C. §§ 523(a)(2), (a)(3), (a)(4), (a)(6); 11 U.S.C. § 727(a)(2), (a)(4)] |

Defendant Minh Tuong Nguyen ("Defendant"), appearing in pro per, answers Plaintiff Cindy Lina Vu's ("Plaintiff") Complaint to Determine Non-Dischargeability of Debt as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff Cindy Lina Vu ("Plaintiff") seeks to except an alleged $406,000 debt from discharge under 11 U.S.C. §§ 523(a)(2), (a)(3), (a)(4), and (a)(6), and separately seeks denial of Defendant's discharge under 11 U.S.C. §§ 727(a)(2) and (a)(4). The Complaint rests on a series

1

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

of allegations concerning a purported October 2021 real-property arrangement and a purported 2023 individual bankruptcy filing. Defendant disputes the allegations as pled, denies any fraud, false pretenses, willful or malicious injury, defalcation, and false oath, and denies that any documented obligation owed by Defendant to Plaintiff has been established or is nondischargeable.

Defendant lacks knowledge or information sufficient to authenticate or verify the documents attached as Exhibits A through G to the Complaint, and disputes their authenticity, contents, and origin. To the extent any documented arrangement existed between Defendant and Plaintiff, Defendant intended to perform as agreed and never entered into any arrangement with the intent to defraud. Any economic loss alleged by Plaintiff was the result of intervening events and the actions of independent third parties, not the result of any fraudulent or wrongful act by Defendant. The present Chapter 7 petition was filed on February 4, 2026 in response to legitimate financial distress.

The § 727 false-oath claims fail as a matter of law and fact. Defendant did not file, did not authorize, and is not properly attributable as the filer of Case No. 8:23-bk-12383-SC, filed on November 13, 2023. Defendant is informed and believes that the 2023 petition was prepared and filed without his knowledge and using a Social Security number that is not his. Defendant has only one Social Security number, ending in -7703. Defendant answered Question 9 of Part 2 of his current petition in good faith based on his personal knowledge that he had not filed any individual bankruptcy case within the preceding eight years. No "false oath" was made, knowingly, fraudulently, or with reckless indifference to the truth, and no grounds exist to deny Defendant's discharge.

Finally, Plaintiff's § 523(a)(3) claim fails as a matter of law because Plaintiff received actual notice of the bankruptcy in sufficient time to file a timely adversary complaint, as evidenced by the pending First Amended Complaint itself. Where a creditor has actual notice in time to protect her rights, § 523(a)(3) does not render a debt nondischargeable.

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Defendant respectfully requests that this Court deny the Complaint in its entirety and determine that any debt owed to Plaintiff, if established, is dischargeable.

## II.   GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7008, Defendant denies each and every allegation contained in the Complaint, and the whole thereof, and denies that Plaintiff is entitled to any relief whatsoever. To the extent any allegation is not expressly admitted below, it is denied.

## III.   SPECIFIC RESPONSES TO ALLEGATIONS

**Jurisdiction and Venue (Paragraphs 1-4)**

1.   Admitted that this Court has jurisdiction. Defendant reserves all rights regarding the scope of any eventual determination.

2.   Admitted that this is a core proceeding for purposes of this Court's jurisdiction. Defendant reserves all rights.

3.   Admitted.

4.   Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 4.

**Parties (Paragraphs 5-6)**

5.   Defendant lacks sufficient knowledge or information to admit or deny that Plaintiff resides in Fountain Valley, California.

6.   Admitted that Defendant Minh Tuong Nguyen is the debtor in the above-captioned Chapter 7 case.

**General Allegations (Paragraphs 7-49)**

A.   The October Transaction (Paragraphs 7-24)

7.   Denied. Defendant denies that Plaintiff held any ownership interest in the Kinglet Property as alleged in paragraph 7. Defendant lacks knowledge or information sufficient to admit or deny the authenticity, contents, or origin of the document referenced as Exhibit A, and on that basis denies the same.

3

8.    Denied. Defendant denies the allegations of paragraph 8 in their entirety.

9.    Denied. Defendant denies the allegations of paragraph 9 in their entirety.

10.    Denied. Defendant denies the allegations of paragraph 10 in their entirety. Defendant denies making any such representation, expressly or by necessary implication.

11.    Denied. Defendant denies the allegations of paragraph 11 in their entirety.

12.    Denied. Defendant denies the allegations of paragraph 12 in their entirety.

13.    Denied. Defendant denies the allegations of paragraph 13 in their entirety.

14.    Denied. Defendant denies the allegations of paragraph 14 in their entirety.

15.    Defendant lacks knowledge or information sufficient to admit or deny the specific recording dates and lien-priority sequence alleged in paragraph 15, or the authenticity, contents, or origin of the document referenced as Exhibit E, and on that basis denies the same. Defendant specifically denies any knowing participation in, or coordination of, any scheme to subordinate any alleged deed of trust.

16.    Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 16, including the authenticity, contents, or origin of the document referenced as Exhibit F, and on that basis denies the same. Defendant denies that any conduct of Defendant willfully or intentionally caused the loss of any alleged security interest of Plaintiff.

17.    Denied.

18.    Denied. Defendant denies the allegations of paragraph 18 in their entirety.

19.    Denied. Defendant denies the allegations of paragraph 19 in their entirety, including any allegation of fraudulent intent.

20.    Denied. Defendant denies the allegations of paragraph 20, including each of subparagraphs (a), (b), (c), and (d), individually and collectively.

21.    Denied. Defendant denies the allegations of paragraph 21, including each of subparagraphs (a) through (f), individually and collectively.

22.    Denied. Defendant denies the allegations of paragraph 22 in their entirety. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's subjective state

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

of mind, and on that basis denies the same.

23. Denied. Defendant denies the allegations of paragraph 23. To the extent reliance is alleged, Plaintiff had independent access to counsel, to public records, and to her own review of any documents she chose to execute.

24. Denied. Defendant denies the allegations of paragraph 24, including any allegation of damages, amount, or causation. Damages are denied and expressly reserved for proof. Alternatively and without waiving the foregoing denials, any economic loss alleged was caused by intervening events not within Defendant's control.

B. Defendant's Prior Sworn Bankruptcy Filings Corroborate the Rangeview-Linked Nature of Plaintiff's Claim (Paragraphs 25-36)

25. Defendant lacks sufficient knowledge or information to admit or deny the specific characterizations regarding Starworld USA LLC, Jocotal LLC, Viet Ideas LLC, and Villa Park Mansion LLC filings alleged in paragraph 25, and on that basis denies the same.

26. Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 26, and on that basis denies the same.

27. Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 27, and on that basis denies the same.

28. Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 28, and on that basis denies the same.

29. Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 29, and on that basis denies the same.

30. Denied. Defendant denies the allegations of paragraph 30 in their entirety.

31. Defendant lacks sufficient knowledge or information to admit or deny the specific schedules reflecting the stated real property alleged in paragraph 31, and on that basis denies the same. Defendant lacks sufficient knowledge or information to admit or deny the precise valuation alleged in paragraph 31, and on that basis denies the same.

32. Defendant lacks sufficient knowledge or information to admit or deny the precise

5

claim amount and characterization alleged in the Starworld Schedule D, and on that basis denies the same.

33.    Defendant lacks knowledge or information sufficient to admit or deny the specific contents of the Starworld mailing matrix as alleged in paragraph 33, and on that basis denies the same.

34.    Denied as to subparagraphs (a), (b), and (c) as legal conclusions.

35.    Denied as to legal characterization. Defendant's service as a manager or member of various entities in the ordinary course of a real-estate business is not, in itself, indicative of any fraudulent pattern.

36.    Defendant lacks sufficient knowledge or information to admit or deny the specific contents of the Viet Ideas LLC schedules as alleged, and on that basis denies the same.

C.  Defendant's Current Individual Bankruptcy Filing Treated Plaintiff's Claim Inconsistently
    (Paragraphs 37-39)

37.    Defendant admits that he filed a voluntary Chapter 7 petition on February 4, 2026, in this Court, designated as Case No. 8:26-bk-10347-SC.

38.    Denied. Plaintiff's claim was disclosed in Defendant's current schedules to the best of Defendant's recollection and understanding at the time of filing. Any difference in characterization between the 2023 Starworld USA LLC schedules and Defendant's individual schedules does not constitute a false or misleading disclosure.

39.    Denied. Defendant denies the allegations of paragraph 18 in their entirety.

D.  Defendant's Petition Also Contained a False Oath Regarding Prior Bankruptcy History
    (Paragraphs 40-46)

40.    Defendant admits that he answered "No" to Part 2, Question 9 of his petition. Defendant denies any implication that the answer was false. Defendant answered "No" in good faith based on his personal knowledge that he had not personally filed any individual bankruptcy case within the preceding eight years.

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

41.    Defendant lacks sufficient knowledge or information to admit or deny the specific filing date of a bankruptcy case alleged in paragraph 41, and on that basis denies the same. Denied that such case is properly attributable to Defendant, that Defendant signed or authorized that petition, or that Defendant was the actual debtor in that case. Defendant is informed and believes, and on that basis alleges, that the 2023 petition was prepared and filed without his knowledge and using an incorrect Social Security number.

42.    Denied as to each of subparagraphs (a), (b), (c), and (d). The use of the Rangeview address in the 2023 petition, and Defendant's unrelated connections to other entity filings, do not establish attribution of the 2023 individual petition to Defendant personally.

43.    Denied. Defendant answered "No" in good faith, based on his personal recollection and his consistent position that the 2023 individual petition is not attributable to him.

44.    Denied as a legal conclusion.

45.    Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 45, and on that basis denies the same. Denied as to any characterization of a broader "pattern" of fraudulent use of related filings.

46.    Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 46, and on that basis denies the same.

E.  Defendant did not notify Plaintiff of this bankruptcy filing (Paragraphs 47-49)

47.    Defendant lacks sufficient knowledge or information to admit or deny whether the exact address as listed was incorrect. Any such error was inadvertent and was not the product of any intent to conceal the bankruptcy from Plaintiff.

48.    Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's precise current address, and on that basis denies the same.

49.    Denied. Plaintiff in fact received actual notice of the bankruptcy in sufficient time to assert her rights, as evidenced by the timely filing of this First Amended Complaint within the deadlines established in this adversary proceeding.

**A.  FIRST CLAIM FOR RELIEF**

7

50. Defendant incorporates by reference his responses to paragraphs 1 through 49 as though fully set forth herein.

51. Defendant lacks sufficient knowledge or information to admit or deny the documentation and valuation of the stated property alleged in paragraph 51, and on that basis denies the same. Denied as to any further legal characterization.

52. Denied. The representation was not false when made.

53. Denied. Defendant did not know that any representation was false and did not make any representation with reckless disregard for its truth. Defendant intended to perform at the time of the representation.

54. Denied. Defendant did not make the representation with the intent and purpose of deceiving Plaintiff or inducing her to transfer her Kinglet Property interest based on any false statement.

55. Denied as stated. Plaintiff's reliance, if any, was not justifiable within the meaning of § 523(a)(2)(A).

56. Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 56, and on that basis denies the same.

57. Denied. Any debt arising from the transaction is not nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## B. SECOND CLAIM FOR RELIEF

### Nondischargeability Under 11 U.S.C. § 523(a)(4) (Fraud / Fiduciary Misconduct)

58. Denied. No fiduciary relationship existed between Defendant and Plaintiff within the meaning of 11 U.S.C. § 523(a)(4). Section 523(a)(4) requires a pre-existing formal trust relationship arising from an express or technical trust, and a routine arm's-length real-estate escrow transaction between adverse parties does not give rise to such a relationship. See Davis v. Aetna Acceptance Co., 293 U.S. 328 (1934); In re Hemmeter, 242 F.3d 1186 (9th Cir. 2001).

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

59.    Denied. Defendant did not engage in defalcation, embezzlement, or larceny. Defalcation under § 523(a)(4) requires proof of a culpable mental state beyond mere negligence. Bullock v. BankChampaign, N.A., 569 U.S. 267 (2013).

60.    Denied. Any debt arising from the transaction is not nondischargeable under 11 U.S.C. § 523(a)(4).

### C. THIRD CLAIM FOR RELIEF

**Nondischargeability Under 11 U.S.C. § 523(a)(6) (Willful and Malicious Injury)**

61.    Defendant incorporates by reference his responses to paragraphs 1 through 60 as though fully set forth herein.

62.    Denied. Defendant did not "intentionally induce" Plaintiff to surrender her ownership interest in the Kinglet Property through fraud.

63.    Denied. Any promises made by Defendant in October 2021 were made in good faith and with the intent to perform.

64.    Denied. Defendant did not know, and had no reason to know, that injury to Plaintiff's property rights was substantially certain to occur within the meaning of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

65.    Denied. Defendant's conduct was not tortious, wrongful, intentional, or without just cause or excuse.

66.    Denied. To the extent Plaintiff suffered any loss, that loss resulted from the foreclosure of senior lienholders on the Rangeview Property and the collapse of the related real-estate transactions, not from any intentional fraudulent procurement of property rights by Defendant.

67.    Denied.

68.    Denied. Any debt arising from the transaction is not nondischargeable under 11 U.S.C. § 523(a)(6).

### D. FOURTH CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. §§ 727(a)(2) and (a)(4) (False Oath)**

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

69.    Defendant incorporates by reference his responses to paragraphs 1 through 68 as though fully set forth herein.

70.    Denied. Defendant admits that he answered "No" to Part 2, Question 9 of his petition; Defendant denies that the answer constituted a false oath, was made knowingly or fraudulently, or was made with reckless indifference to the truth. Defendant answered in good faith based on his personal knowledge that no individual bankruptcy case is properly attributable to him within the preceding eight years.

71.    Denied. Defendant was not the filer of, and is not properly attributable as the filer of, Case No. 8:23-bk-12383-SC. Defendant is informed and believes that the 2023 petition was filed using an incorrect Social Security number and without Defendant's knowledge.

72.    Denied. The alleged linkage facts do not establish attribution of the 2023 individual petition to Defendant.

73.    Denied as a legal conclusion.

74.    Denied as a legal conclusion.

75.    Denied. Defendant answered Question 9 in good faith and without any intent to deceive. There was no knowing or reckless falsehood.

76.    Denied. Grounds for denial of discharge under 11 U.S.C. § 727, including subsections (a)(2) and (a)(4), have not been established.

### E.  FIFTH CLAIM FOR RELIEF

**Nondischargeability Under 11 U.S.C. § 523(a)(3) (Lack of Notice)**

77.    Defendant lacks sufficient knowledge or information to admit or deny as stated in paragraph 77, and on that basis denies the same.

78.    Denied. Plaintiff was not deprived of due process. Plaintiff received actual notice in time to assert her rights, as demonstrated by her timely filing of this First Amended Complaint within the deadline established by the Summons and Notice of Status Conference.

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

79.   Denied. The debt, if established, is not rendered nondischargeable under 11 U.S.C. § 523(a)(3) where, as here, the creditor received actual notice in time to file a timely complaint.

## F. AFFIRMATIVE DEFENSES

1. **Failure to State a Claim.** The Complaint fails to state a claim upon which relief can be granted. Plaintiff has not pled, and cannot prove, the essential elements of nondischargeability under 11 U.S.C. §§ 523(a)(2), (a)(3), (a)(4), or (a)(6), nor the elements for denial of discharge under § 727(a)(2) or (a)(4), with the specificity required by Federal Rule of Civil Procedure 9(b), as incorporated by Federal Rule of Bankruptcy Procedure 7009.

2. **No Fraudulent Intent.** Defendant denies entering into any transaction with Plaintiff giving rise to the alleged $406,000 obligation. Alternatively, and without waiving the foregoing denial, to the extent any such documented arrangement existed, Defendant intended to perform as agreed at the time of any alleged representation, and any subsequent inability to perform arose from market conditions, the actions of independent third parties, and other events beyond Defendant's control. Nonperformance of a contract is not, without more, evidence of fraudulent intent at the time of the promise. See *Palmacci v. Umpierrez*, 121 F.3d 781 (1st Cir. 1997).

3. **No Qualifying Fiduciary Relationship.** Defendant denies the existence of any transaction or relationship with Plaintiff giving rise to a fiduciary duty as alleged. Alternatively, and without waiving the foregoing denial, any documented arrangement between Plaintiff and Defendant was an arm's-length real-estate transaction; such an arrangement does not give rise to a "fiduciary capacity" within the meaning of 11 U.S.C. § 523(a)(4), which requires an express or technical trust existing before the wrongful act. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934); *In re Hemmeter*, 242 F.3d 1186 (9th Cir. 2001).

4. **No Willful and Malicious Injury.** Defendant denies any conduct on his part that caused or could have caused any willful and malicious injury to Plaintiff. Defendant did not act with subjective intent to injure Plaintiff, nor were any actions of Defendant substantially certain

to cause such injury. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). Alternatively, any loss of security alleged by Plaintiff resulted from foreclosure by an independent senior lienholder and the actions of independent third parties, not from any intentional act of Defendant.

5. **No False Oath; Good Faith.** Defendant answered Question 9 of Part 2 of his petition in good faith, based on his personal knowledge and his consistent position that Case No. 8:23-bk-12383-SC is not attributable to him. A false-oath claim under 11 U.S.C. § 727(a)(4) requires a fraudulent intent or knowing falsehood, which is absent here.

6. **Contested Attribution of 2023 Bankruptcy Case.** The November 13, 2023 petition in Case No. 8:23-bk-12383-SC was filed using an incorrect Social Security number and without Defendant's knowledge. Defendant has consistently disputed its attribution to him, and does so in this proceeding.

7. **Actual Notice Defeats § 523(a)(3).** Where a creditor receives actual notice of a bankruptcy in sufficient time to file a timely proof of claim and/or a timely adversary complaint, a debt is not rendered nondischargeable under 11 U.S.C. § 523(a)(3). Here, Plaintiff received actual notice and filed this First Amended Complaint within the deadline established in this adversary proceeding.

8. **Intervening Cause.** Defendant denies that Plaintiff held any deed-of-trust security or other secured interest as alleged. Alternatively, and without waiving the foregoing denial, any loss of any alleged security was caused by the intervening foreclosure of an independent senior lienholder, and not by any conduct of Defendant.

9. **Comparative Fault; Unclean Hands.** Defendant denies that Plaintiff held any ownership interest in the Kinglet Property or that any such interest was transferred to Defendant. Alternatively, and without waiving the foregoing denial, to the extent any documented transaction occurred, Plaintiff had the opportunity to engage counsel, review title, and review the documents she chose to execute.

10. **Failure to Mitigate.** Defendant denies the existence of any debt or security interest as alleged. Alternatively, and without waiving the foregoing denial, to the extent Plaintiff

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

suffered any damages, Plaintiff failed to take reasonable steps to mitigate those damages, including by timely asserting any rights she claimed and by participating in any related proceedings in which her claimed interests could have been protected.

11. **Commercial Transaction; Business Losses.** Defendant denies the existence of any transaction with Plaintiff as alleged. Alternatively, and without waiving the foregoing denial, to the extent any documented arrangement existed, it was a commercial real-estate arrangement between adults, and the fact that any such arrangement did not prove profitable for Plaintiff does not, without more, establish fraud or non-dischargeability.

12. **Damages Speculative and Subject to Offset.** The amount and existence of any debt to Plaintiff are disputed and subject to proof, and any such debt may be subject to offsets, credits, and recoupment.

13. **Standing; Real Party in Interest.** Defendant reserves all rights as to Plaintiff's standing to assert the specific § 523 and § 727 claims pleaded.

14. Misattribution of 2023 Bankruptcy Filing; Different Social Security Number. Defendant has only one Social Security number, ending in -7703. Defendant did not file, did not authorize, and is not properly attributable as the filer of the November 13, 2023 individual petition in Case No. 8:23-bk-12383-SC. Defendant is informed and believes that the 2023 petition was prepared and filed without his knowledge and using a Social Security number that is not his. Defendant has consistently disputed its attribution to him, and reserves the right to introduce evidence including Social Security records, voice exemplars, handwriting exemplars, and the underlying 2023 petition image to establish that the 2023 filing is not his.

15. Lack of Standing as to § 727 Claims. Section 727 standing under Federal Rule of Bankruptcy Procedure 4004(a) and 11 U.S.C. § 727(c)(1) is limited to the trustee, the United States Trustee, and creditors who hold valid, allowed claims in the estate. Plaintiff's status as a creditor entitled to assert § 727 relief is contested, and Defendant reserves all rights to challenge Plaintiff's standing.

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

16. Equitable Estoppel; Waiver. To the extent Plaintiff knew or had reason to know of the alleged risks now claimed, including the recording priority of the Rangeview deeds of trust and the preexistence of senior liens, Plaintiff's claims are barred or limited by waiver and equitable estoppel.

17. Statute of Limitations. To the extent any claim asserted against Defendant is predicated on alleged conduct occurring in October 2021 or earlier, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 338(d) and 343.

18. Records Administered by Third Parties; Ongoing Investigation. Certain administrative records, signatures, filings, and documents relating to entities and prior proceedings referenced in the Complaint have been administered or held by persons other than Defendant, some of whom are no longer cooperative with or accessible to Defendant. Defendant has answered to the best of his present knowledge and recollection and, pursuant to Federal Rule of Civil Procedure 15, reserves the right to amend this Answer upon further investigation, access to the relevant records, and discovery.

19. **Reservation of Rights.** Defendant reserves the right to assert additional affirmative defenses as discovery and investigation proceed.

## G. PRAYER FOR RELIEF

WHEREFORE, Defendant Minh Tuong Nguyen respectfully prays for judgment as follows:

1. That Plaintiff take nothing by way of this Complaint;

2. That the Court determine the subject debt is dischargeable under Chapter 7 of the Bankruptcy Code;

3. That the Court enter judgment that Defendant is entitled to a discharge under 11 U.S.C. § 727;

4. For such costs as are permitted by applicable law; and

5. For such other and further relief as the Court deems just and proper

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Dated: April 27, 2026

Respectfully submitted,

By: _____

MINH TUONG NGUYEN

Defendant, In Pro Per

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9140 Trask Ave, Suite 100, Garden Grove, CA 92844

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT MINH TUONG NGUYEN'S
ANSWER TO CINDY LINA VU'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/27/2026___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leonard Peña, Esq. (Counsel for Debtor)
1003 Diamond Ave., Suite 202
South Pasadena, California 91030
Emails: lpena@penalaw.com, Reception@penalaw.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __04/27/2026___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Cindy Lina Vu, Plaintiff in Pro Per
16284 Mount Islip Circle
Fountain Valley, CA 92708

Judge Scott Clarkson
411 West Fourth Street, Suite 2030
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/27/2026 | Huyen Tran | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**