Cindy Lina Vu
16284 Mount Islip Circle
Fountain Valley, CA 92708
Telephone: (714) 376-5120
Email: cindyvip21@yahoo.com

**Plaintiff, Pro Se**

**FILED**

MAY 20 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In Re

    MINH TUONG NGUYEN,

              Debtor.

CINDY LINA VU,

           Plaintiff,
    v.

MINH TUONG NGUYEN,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 8:26-bk-10347-SC

**Chapter 7**

**AP Case No.: 8:26-ap-01044-SC**

**PLAINTIFF CINDY LINA VU'S INITIAL
DISCLOSURES PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 26(a)(1)**

    Plaintiff Cindy Lina Vu provides the following initial disclosures pursuant to *Federal Rule of Civil Procedure* 26(a)(1), made applicable in this adversary proceeding by the *Federal Rules of Bankruptcy Procedure* and the Court's Early Meeting of Counsel and Status Conference Instructions.

    These disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff has not completed discovery or investigation. Plaintiff reserves the right to supplement, amend, correct, or withdraw these disclosures as discovery proceeds. These disclosures do not waive any objection, privilege, work-product protection,

1

evidentiary objection, or right to seek additional discovery from Defendant or third parties.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Plaintiff identifies the following individuals who are likely to have discoverable information that Plaintiff may use to support her claims or rebut Defendant's defenses, other than solely for impeachment.

**1. Cindy Lina Vu**

16284 Mount Islip Circle

Fountain Valley, CA 92708

Telephone: (714) 376-5120

Email: cindyvip21@yahoo.com

**Subject matter of information:**

Plaintiff's ownership interest in the Kinglet Property; Defendant's representations regarding the $406,000 obligation; the Rangeview deed of trust; Plaintiff's reliance; execution of the promissory note and deed of trust; transfer of Plaintiff's Kinglet Property interest; damages; lack of repayment; lack of proper notice of Defendant's bankruptcy; and Plaintiff's communications and documents concerning the transaction.

**2. Minh Tuong Nguyen**

840 Chateau Ct.

Garden Grove, CA 92841

Email: minhnguyensteven@gmail.com

**Subject matter of information:**

Defendant's representations to Plaintiff; the $406,000 promissory note; Rangeview deed of trust; Kinglet transfer; Defendant's intent and ability to perform; Defendant's control of Rangeview-related entities; Defendant's bankruptcy schedules; the Starworld USA LLC bankruptcy; the alleged 2023 individual bankruptcy filing; Defendant's answer to Part 2, Question 9 of his 2026 bankruptcy petition; Defendant's affirmative defenses; and Defendant's claimed lack of responsibility for the 2023 filing.

**3. Julie Dao**

Address believed to include: 310 N. Olympia Place, Anaheim, CA 92806

**Subject matter of information:**

Escrow/title-related facts; recording of deeds of trust against Rangeview; lien priority; communications with Defendant and Quan Minh Pham; the deed of trust in favor of Julie Dao and Quan Minh Pham; Plaintiff's deed of trust; and circumstances surrounding recording sequence and priority.

**4. Quan Minh Pham**

Address believed to include: 310 N. Olympia Place, Anaheim, CA 92806

**Subject matter of information:**

Notarization of Plaintiff's deed of trust; relationship to Julie Dao; deed of trust recorded in favor of Julie Dao and Quan Minh Pham; lien priority; communications with Defendant; and facts concerning execution and recording of the Rangeview deed of trust.

**5. Records custodian, Orange County Clerk-Recorder**

Address to be determined through discovery or subpoena

**Subject matter of information:**

Recorded grant deeds, deeds of trust, recording dates, recording numbers, grantor/grantee information, and official property records relating to Kinglet and Rangeview.

**6. Records custodian, Fidelity National Title Company**

Address to be determined through discovery or subpoena

**Subject matter of information:**

Preliminary title report for Rangeview; lien priority; recorded deed of trust information; foreclosure/title history; and documents showing the relative priority of the $1,900,000 deed of trust, the Julie Dao/Quan Pham deed of trust, and Plaintiff's $406,000 deed of trust.

**7. Records custodian, United States Bankruptcy Court, Central District of California**

411 West Fourth Street

Santa Ana, CA 92701

**Subject matter of information:**

Bankruptcy petitions, schedules, statements, mailing matrices, notices, and docket records in Defendant's Chapter 7 case, Starworld USA LLC's bankruptcy case, and any related or disputed 2023 bankruptcy case involving Rangeview or Defendant's alleged identity.

**8. Leonard Pena**

1003 Diamond Avenue, Suite 202

South Pasadena, CA 91030

**Subject matter of information:**

Bankruptcy filings or notices involving Defendant or Defendant-controlled entities, including Starworld USA LLC, and communications or filings reflecting Defendant's control of related bankruptcy cases. Plaintiff identifies Mr. Pena only to the extent he has non-privileged factual information or was involved in filings, service, notices, or records relevant to the issues in this adversary proceeding.

**9. Any person involved in preparation, filing, notarization, service, or transmission of the disputed 2023 bankruptcy petition**

Name, address, and telephone number presently unknown

**Subject matter of information:**

Identity of filer; signature/authentication; Social Security number issue raised by Defendant; filing authorization; source documents; and Defendant's denial that the 2023 case is attributable to him.

**10. Any trustee, trustee's agent, or foreclosure-related records custodian involved in the Rangeview foreclosure**

Name, address, and telephone number presently unknown

4

**Subject matter of information:**

Foreclosure of senior liens against Rangeview; absence of distribution to Plaintiff; lien priority; trustee's sale documents; and causation/damages issues.

Plaintiff reserves the right to supplement this list after Defendant provides his disclosures and after discovery identifies additional witnesses.

**II.   DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

Plaintiff identifies the following categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control, or otherwise known to Plaintiff, that Plaintiff may use to support her claims or rebut defenses, other than solely for impeachment.

Plaintiff will make non-privileged documents available for inspection and copying at a mutually agreeable time and method, including by electronic transmission where feasible.

**A. Pleadings and adversary proceeding documents**

1. Plaintiff's Complaint to Determine Nondischargeability of Debt and to Deny Discharge.

2. Plaintiff's First Amended Complaint to Determine Nondischargeability of Debt and to Deny Discharge.

3. Defendant Minh Tuong Nguyen's Answer filed April 27, 2026.

4. Summons and Notice of Status Conference.

5. Order Advancing Status Conference filed May 14, 2026.

6. Any proofs of service, notices, status-conference documents, and related filings in Adv. No. 8:26-ap-01044-SC.

**B. Transaction documents regarding the $406,000 debt**

1. Kinglet grantee information / Orange County Recorder information for 1789 Kinglet Court, Costa Mesa, California.

2. Promissory note dated October 1, 2021 in the principal amount of $406,000.

3. Deed of trust relating to 10042 Rangeview Drive, Santa Ana/North Tustin, California.

4. Notary acknowledgment and documents involving Quan Minh Pham.

5. Kinglet grant deed showing Plaintiff's transfer of her ownership interest.

6. Documents showing Plaintiff's performance and Defendant's failure to repay.

**C. Title, lien, and recording records**

1. Fidelity National Title Company preliminary title report, including lien-priority information.

2. Recorded deed of trust in favor of Julie Dao and Quan Minh Pham in the amount of $508,000.

3. Recorded deed of trust in favor of Cindy Lina Vu in the amount of $406,000.

4. Documents showing the December 6, 2021 recording sequence.

5. Senior lien, notice of default, notice of trustee's sale, and foreclosure-related records concerning Rangeview.

6. Orange County Recorder records for relevant deeds, deeds of trust, and title documents.

**D. Bankruptcy documents**

1. Defendant Minh Tuong Nguyen's Chapter 7 petition, schedules, statement of financial affairs, mailing matrix, and amendments in Case No. 8:26-bk-10347-SC.

2. Documents showing Plaintiff was listed at an incorrect address in Defendant's bankruptcy schedules or creditor matrix.

3. Starworld USA LLC bankruptcy petition, schedules, statements, mailing matrix, notices, and related filings.

4. Documents showing Plaintiff's claim was scheduled or treated as a Rangeview-linked secured claim in Starworld USA LLC.

5. Documents relating to other Defendant-controlled or affiliated bankruptcy cases, including Jocotal LLC, Viet Ideas LLC, and Villa Park Mansion LLC, to the extent

6

relevant to Defendant's knowledge, control, intent, bankruptcy sophistication, and scheduling positions.

6. Records relating to Case No. 8:23-bk-12383-SC, including petition images, filing records, Social Security number information to the extent lawfully obtainable, signatures, addresses, and docket entries.

## E. Communications and notice documents

1. Communications between Plaintiff and Defendant concerning the $406,000 obligation, Rangeview, Kinglet, repayment, and security.

2. Communications with Julie Dao, Quan Minh Pham, escrow/title personnel, or other persons concerning the transaction.

3. Notices received or not received concerning Defendant's bankruptcy filing.

4. Mailings, envelopes, returned mail, email communications, or other documents concerning notice to Plaintiff.

## F. Damages documents

1. Promissory note and deed of trust supporting the $406,000 principal claim.

2. Records showing nonpayment.

3. Documents supporting contractual charges, interest, carrying costs, lost security, loss of property rights, foreclosure impact, and consequential damages.

4. Documents showing Plaintiff's costs incurred in asserting rights in bankruptcy and related proceedings, to the extent recoverable.

## G. Public records and certified records

1. Certified or uncertified copies of recorded documents.

2. Bankruptcy court docket records.

3. Title records.

4. Trustee sale / foreclosure records.

5. Any documents obtained through subpoena or public-record request.

Plaintiff reserves the right to supplement this list as additional documents are obtained through discovery, subpoena, public-record requests, or Defendant's disclosures.

## III.   COMPUTATION OF DAMAGES

Plaintiff's damages are continuing and subject to supplementation. Based on information presently available, Plaintiff claims the following categories of damages:

**1. Principal debt**

**$406,000.00**

This is the principal amount of the obligation reflected in the promissory note and deed of trust relating to the Rangeview transaction.

**2. Contractual monthly charge / interest**

The promissory note provides for a monthly charge of **$2,500.00 per month**, beginning on or about **November 1, 2021.**

Plaintiff presently computes this component as follows, subject to correction and supplementation:

**$2,500.00 per month × number of months from November 1, 2021 through judgment or other applicable cutoff date.**

As of **May 15, 2026**, the estimated contractual monthly-charge component is approximately:

**$2,500.00 × 54 months = $135,000.00**

Plaintiff reserves the right to correct this computation depending on the legally applicable accrual date, cutoff date, compounding or non-compounding treatment, and any Court ruling.

**3. Current estimated total, excluding later-accruing amounts**

**$406,000.00 principal**

- **approximately $135,000.00 estimated contractual monthly charge through May 15, 2026**
  **= approximately $541,000.00**

This estimate excludes post-disclosure accruals, costs, allowable interest, and other relief according to proof.

**4. Additional damages and relief according to proof**

Plaintiff also claims, to the extent recoverable:

1. prejudgment interest;
2. post-judgment interest;
3. costs of suit;
4. loss of security;
5. loss of property rights;
6. consequential damages caused by Defendant's alleged fraud and wrongful conduct;
7. any additional amount established by evidence, amendment, or Court order; and
8. a determination that the debt is nondischargeable under 11 U.S.C. § 523 and/or that Defendant's discharge should be denied under 11 U.S.C. § 727.

Plaintiff will make available for inspection and copying the documents on which these computations are based, including the promissory note, deed of trust, title records, bankruptcy records, foreclosure/title records, and related documents.

**IV.   INSURANCE AGREEMENTS**

Plaintiff is presently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in this adversary proceeding or to indemnify or reimburse Defendant for payments made to satisfy a judgment.

Plaintiff reserves the right to supplement this disclosure if Defendant identifies any insurance agreement, indemnity agreement, escrow bond, professional liability policy, title-related coverage, or other agreement potentially responsive to Rule 26(a)(1)(A)(iv).

## V.   RESERVATION OF RIGHTS

Plaintiff reserves all rights to:

1. supplement or amend these disclosures;

2. use additional witnesses or documents identified through discovery;

3. object to Defendant's evidence;

4. seek subpoenas to third parties;

5. seek sanctions or other relief if Defendant fails to provide disclosures or cooperate in discovery;

6. assert privilege, work-product protection, privacy objections, or other applicable protections; and

7. rely on public records, certified records, court records, and bankruptcy records obtained after these disclosures.

Dated:  May 15, 2026

By:  _____

**Cindy Lina Vu**
Plaintiff, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16284 Mount Islip Circle Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF CINDY LINA VU'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) ,
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the                                                                              manner

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) 05/20/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

MINH TUONG NGUYEN - 840 Chateau Ct. Garden Grove, CA 92841

☐   Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/20/2026     , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

MINH TUONG NGUYEN - minhnguyensteven@gmail.com

Service information continued on attached page
☐

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/20/2026 | Dong Sa Nguyen | *[signature]* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**