Cindy Lina Vu
16284 Mount Islip Circle
Fountain Valley, CA 92708
(714)376-5120
cindyvip21@yahoo.com
Plaintiff, Pro Se



**FILED**

MAY 27 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re:

    MINH TUONG NGUYEN,

    Debtor.

_____

    CINDY LINA VU,
    Plaintiff,
    vs.
    MINH TUONG NGUYEN,
    Defendant.

Case No.: 8:26-bk-10347-SC

Chapter 7

Adv. No. 8:26-ap-01044-SC

**DECLARATION OF CINDY LINA VU REGARDING RULE 26(F) MEET-AND-CONFER ATTEMPTS IN SUPPORT OF PLAINTIFF'S UNILATERAL STATUS REPORT**

I, Cindy Lina Vu, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. This declaration is submitted in support of Plaintiff's Unilateral Status Report under Local Bankruptcy Rule 7016-1 because Defendant Minh Tuong Nguyen has not

DECLARATION OF CINDY LINA VU REGARDING RULE 26(F) MEET-AND-CONFER ATTEMPTS IN SUPPORT OF PLAINTIFF'S UNILATERAL STATUS REPORT - 1

cooperated in arranging or completing the required Federal Rule of Civil Procedure 26(f) conference or in preparing a joint status report.

3.   This adversary proceeding is pending as *Cindy Lina Vu v. Minh Tuong Nguyen*, Adv. No. **8:26-ap-01044-SC** related to Bankruptcy Case No. **8:26-bk-10347-SC**.

4.   The Court issued Early Meeting of Counsel and Status Conference Instructions requiring the parties to meet and confer under Rule 26(f), make or arrange initial disclosures under Rule 26(a)(1), discuss discovery, and prepare a proposed discovery plan before the status conference.

5.   The summons set the status conference for June 9, 2026 at 1:30 p.m. in Courtroom 5C before the Honorable Scott C. Clarkson.

6.   Defendant Minh Tuong Nguyen filed an answer to my **Complaint to Determine Non-dischargeability of Debt** on or about **April 27, 2026**. The answer identifies Defendant as appearing in pro per and lists his contact information as:

**Minh Tuong Nguyen**

840 Chateau Ct.

Garden Grove, CA 92841

Email: minhnguyensteven@gmail.com

7.   Since **May 2, 2026**, I have called Defendant at (951)456-6666 which is the last number I was given by him to contact him. The number is no longer in service.

8.   On **May 20, 2026** at approximately, I had Defendant served a **Request to Schedule Rule 26(f) Meeting – Adversary Proceeding 8:26-ap-01044-SC (Main Case 8:26-bk-10347-SC)** (See attached **Exhibit A**) and **Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)** (See attached **Exhibit B**) via email address to **minhnguyensteven@gmail.com** and via U.S. Postal mail to Defendant's address **840 Chateau Ct. Garden Grove, CA 92841**. In that email, I requested that Defendant confirm his current contact information and propose mutually convenient dates and times within the next ten days for the Rule 26(f) meeting, which could be conducted by

DECLARATION OF CINDY LINA VU REGARDING RULE 26(F) MEET-AND-CONFER ATTEMPTS IN SUPPORT OF PLAINTIFF'S UNILATERAL STATUS REPORT - 2

telephone or video conference. The dates and times I listed were: May 20, 2026 at 8:00 p.m., May 21, 2026 2:00 p.m. and 8:00 p.m., and May 22, 2026 at 5:00 p.m.

9. I have made multiple good-faith attempts to meet and confer with Defendant and/or Defendant's counsel regarding the Rule 26(f) conference and related case management matters.

10. As of the date of this declaration, Defendant has not contacted me to schedule the Rule 26(f) conference, has not participated in a Rule 26(f) conference, has not cooperated in preparing a proposed discovery plan, and has not cooperated in preparing a joint status report.

11. Plaintiff has nevertheless prepared Plaintiff's Rule 26(a)(1) initial disclosures based on information reasonably available to Plaintiff as seen in **Exhibit B**.

12. Plaintiff is filing a unilateral status report because Defendant has not cooperated despite repeated telephone and email requests.

13. Plaintiff requests that the Court accept Plaintiff's Unilateral Status Report, set appropriate scheduling deadlines, and order Defendant to cooperate in discovery and case management.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **May 26, 2026**, at Fountain Valley, California.

Cindy Lina Vu

16284 Mount Islip Circle

Fountain Valley, CA 92708

(714)376-5120

Plaintiff, Pro Se

DECLARATION OF CINDY LINA VU REGARDING RULE 26(F) MEET-AND-CONFER ATTEMPTS IN SUPPORT OF PLAINTIFF'S UNILATERAL STATUS REPORT - 3

# Exhibit A

**Cindy Lina Vu**
16284 Mount Islip Circle
Fountain Valley, CA 92708
Telephone: (714) 376-5120
Email: cindyvip21@yahoo.com

**Date:** May 20, 2026

                                                                    **Via Email and U.S. Mail**

Minh Tuong Nguyen
840 Chateau Ct.
Garden Grove, CA 92841
Email: minhnguyensteven@gmail.com

Re:    **Cindy Lina Vu v. Minh Tuong Nguyen**
       U.S. Bankruptcy Court, Central District of California
       Case No. 8:26-bk-10347-SC
       Adv. No. 8:26-ap-01044-SC
       **Rule 26(f) Meet-and-Confer Demand / Joint Status Report / Initial Disclosures**

Dear Mr. Minh Nguyen:

I am the Plaintiff in the above adversary proceeding. This letter is a formal demand that you
participate in the required Rule 26(f) meet-and-confer conference.

The Court's order requires the parties to meet and confer under Federal Rule of Civil Procedure
26(f), made applicable in this adversary proceeding, before the status conference. The status
conference is currently set for **June 9, 2026 at 1:30 p.m. in Courtroom 5C** (Copy of Order is
attached herein). The joint status report is due **14 days before the status conference**, meaning
**May 26, 2026.**

Because the Rule 26(f) meeting must occur at least 21 days before the status conference, the
parties must complete the Rule 26(f) conference no later than **May 25, 2026.**

Please confirm your availability for a telephone or Zoom conference on one of the following
dates:

1. **Wednesday, May 20, 2026, at 8:00 p.m.;**
2. **Thursday, May 21, 2026, at 2:00 p.m.;**
3. **Thursday, May 21, 2026, at 8:00 p.m.;** or
4. **Friday, May 22, 2026, at 5:00 p.m.**

If none of these times work, please provide two alternative times before the May 25,
2026 deadline.

Cindy Lina Vu v. Minh Tuong Nguyen
Adv. No. 8:26-ap-01044-SC
Rule 26(f) Meet-and-Confer Demand / Joint Status Report / Initial Disclosures
Page 2 of 2

The Rule 26(f) conference must address, at minimum:

1. the nature and basis of the parties' claims and defenses;
2. the possibility of settlement or early resolution;
3. whether the parties will participate in ADR or mediation;
4. initial disclosures under Rule 26(a)(1);
5. preservation of discoverable documents and electronically stored information;
6. the subjects, scope, timing, and sequence of discovery;
7. proposed deadlines for written discovery, document production, depositions, expert disclosures if any, dispositive motions, pretrial conference, and trial; and
8. preparation and filing of the Joint Status Report due May 26, 2026.

Plaintiff is prepared to exchange initial disclosures and discuss a practical discovery plan. Based on your Answer, the principal discovery topics appear to include, but are not limited to: the October 2021 transaction, the $406,000 promissory note, the Rangeview deed of trust, lien priority, communications with Julie Dao and Quan Pham, the Starworld USA LLC bankruptcy, the disputed 2023 bankruptcy filing, your claimed lack of knowledge regarding that filing, your Social Security number contention, damages, and your affirmative defenses. A copy of disclosure was sent to you and attached hereto.

Please respond in writing no later than **May 20, 2026 at 7:00 p.m.** confirming your availability. If you do not respond, refuse to participate, or fail to cooperate in preparing the Joint Status Report, Plaintiff will file a unilateral status report and supporting declaration advising the Court of Plaintiff's meet-and-confer efforts and Defendant's noncooperation. Plaintiff also reserves the right to request appropriate relief or sanctions under the applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Local Bankruptcy Rules, and the Court's status conference order.

Nothing in this letter waives any rights, claims, objections, remedies, or relief available to Plaintiff.

Sincerely,

Cindy Lina Vu
Plaintiff, Pro Se

Attachment:

1. Court order
2. Disclosure

```
┌─────────────────────────────┐
│  FILED & ENTERED            │
│                             │
│       MAY 14 2026           │
│                             │
│  CLERK U.S. BANKRUPTCY COURT│
│  Central District of California │
│  BY bolte     DEPUTY CLERK  │
└─────────────────────────────┘
```

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 8:26-bk-10347-SC<br>Adv No:  8:26-ap-01044-SC<br><br>**ORDER ADVANCING STATUS CONFERENCE** |
| Cindy Lina Vu,<br>Plaintiff(s),<br><br>v.<br><br>Minh Tuong Nguyen,<br>Defendant(s). | New date:<br>Date:        June 9, 2026<br>Time:        1:30 PM<br>Courtroom: 5C |

The June 16, 2026 status conference is hereby ADVANCED to June 9, 2026, at 1:30 p.m. A joint status report is due 14 days in advance.

**IT IS SO ORDERED.**

Date: May 14, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-1-

# Exhibit B

**Cindy Lina Vu**
16284 Mount Islip Circle
Fountain Valley, CA 92708
Telephone: (714) 376-5120
Email: cindyvip21@yahoo.com

**Plaintiff, Pro Se**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In Re | Case No.: 8:26-bk-10347-SC |
| MINH TUONG NGUYEN, | **Chapter 7** |
| Debtor. | |
| | |
| CINDY LINA VU, | **AP Case No.: 8:26-ap-01044-SC** |
| Plaintiff, | **PLAINTIFF CINDY LINA VU'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** |
| v. | |
| MINH TUONG NGUYEN, | |
| Defendant. | |

Plaintiff Cindy Lina Vu provides the following initial disclosures pursuant to *Federal Rule of Civil Procedure* 26(a)(1), made applicable in this adversary proceeding by the *Federal Rules of Bankruptcy Procedure* and the Court's Early Meeting of Counsel and Status Conference Instructions.

These disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff has not completed discovery or investigation. Plaintiff reserves the right to supplement, amend, correct, or withdraw these disclosures as discovery proceeds. These disclosures do not waive any objection, privilege, work-product protection,

1

evidentiary objection, or right to seek additional discovery from Defendant or third parties.

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Plaintiff identifies the following individuals who are likely to have discoverable information that Plaintiff may use to support her claims or rebut Defendant's defenses, other than solely for impeachment.

**1. Cindy Lina Vu**

16284 Mount Islip Circle

Fountain Valley, CA 92708

Telephone: (714) 376-5120

Email: cindyvip21@yahoo.com

**Subject matter of information:**

Plaintiff's ownership interest in the Kinglet Property; Defendant's representations regarding the $406,000 obligation; the Rangeview deed of trust; Plaintiff's reliance; execution of the promissory note and deed of trust; transfer of Plaintiff's Kinglet Property interest; damages; lack of repayment; lack of proper notice of Defendant's bankruptcy; and Plaintiff's communications and documents concerning the transaction.

**2. Minh Tuong Nguyen**

840 Chateau Ct.

Garden Grove, CA 92841

Email: minhnguyensteven@gmail.com

**Subject matter of information:**

Defendant's representations to Plaintiff; the $406,000 promissory note; Rangeview deed of trust; Kinglet transfer; Defendant's intent and ability to perform; Defendant's control of Rangeview-related entities; Defendant's bankruptcy schedules; the Starworld USA LLC bankruptcy; the alleged 2023 individual bankruptcy filing; Defendant's answer to Part 2, Question 9 of his 2026 bankruptcy petition; Defendant's affirmative defenses; and Defendant's claimed lack of responsibility for the 2023 filing.

2

**3. Julie Dao**

Address believed to include: 310 N. Olympia Place, Anaheim, CA 92806

**Subject matter of information:**

Escrow/title-related facts; recording of deeds of trust against Rangeview; lien priority; communications with Defendant and Quan Minh Pham; the deed of trust in favor of Julie Dao and Quan Minh Pham; Plaintiff's deed of trust; and circumstances surrounding recording sequence and priority.

**4. Quan Minh Pham**

Address believed to include: 310 N. Olympia Place, Anaheim, CA 92806

**Subject matter of information:**

Notarization of Plaintiff's deed of trust; relationship to Julie Dao; deed of trust recorded in favor of Julie Dao and Quan Minh Pham; lien priority; communications with Defendant; and facts concerning execution and recording of the Rangeview deed of trust.

**5. Records custodian, Orange County Clerk-Recorder**

Address to be determined through discovery or subpoena

**Subject matter of information:**

Recorded grant deeds, deeds of trust, recording dates, recording numbers, grantor/grantee information, and official property records relating to Kinglet and Rangeview.

**6. Records custodian, Fidelity National Title Company**

Address to be determined through discovery or subpoena

**Subject matter of information:**

Preliminary title report for Rangeview; lien priority; recorded deed of trust information; foreclosure/title history; and documents showing the relative priority of the $1,900,000 deed of trust, the Julie Dao/Quan Pham deed of trust, and Plaintiff's $406,000 deed of trust.

3

**7. Records custodian, United States Bankruptcy Court, Central District of California**

411 West Fourth Street

Santa Ana, CA 92701

**Subject matter of information:**

Bankruptcy petitions, schedules, statements, mailing matrices, notices, and docket records in Defendant's Chapter 7 case, Starworld USA LLC's bankruptcy case, and any related or disputed 2023 bankruptcy case involving Rangeview or Defendant's alleged identity.

**8. Leonard Pena**

1003 Diamond Avenue, Suite 202

South Pasadena, CA 91030

**Subject matter of information:**

Bankruptcy filings or notices involving Defendant or Defendant-controlled entities, including Starworld USA LLC, and communications or filings reflecting Defendant's control of related bankruptcy cases. Plaintiff identifies Mr. Pena only to the extent he has non-privileged factual information or was involved in filings, service, notices, or records relevant to the issues in this adversary proceeding.

**9. Any person involved in preparation, filing, notarization, service, or transmission of the disputed 2023 bankruptcy petition**

Name, address, and telephone number presently unknown

**Subject matter of information:**

Identity of filer; signature/authentication; Social Security number issue raised by Defendant; filing authorization; source documents; and Defendant's denial that the 2023 case is attributable to him.

**10. Any trustee, trustee's agent, or foreclosure-related records custodian involved in the Rangeview foreclosure**

Name, address, and telephone number presently unknown

Subject matter of information:

Foreclosure of senior liens against Rangeview; absence of distribution to Plaintiff; lien priority; trustee's sale documents; and causation/damages issues.

Plaintiff reserves the right to supplement this list after Defendant provides his disclosures and after discovery identifies additional witnesses.

## II.    DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Plaintiff identifies the following categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control, or otherwise known to Plaintiff, that Plaintiff may use to support her claims or rebut defenses, other than solely for impeachment.

Plaintiff will make non-privileged documents available for inspection and copying at a mutually agreeable time and method, including by electronic transmission where feasible.

### A. Pleadings and adversary proceeding documents

1. Plaintiff's Complaint to Determine Nondischargeability of Debt and to Deny Discharge.
2. Plaintiff's First Amended Complaint to Determine Nondischargeability of Debt and to Deny Discharge.
3. Defendant Minh Tuong Nguyen's Answer filed April 27, 2026.
4. Summons and Notice of Status Conference.
5. Order Advancing Status Conference filed May 14, 2026.
6. Any proofs of service, notices, status-conference documents, and related filings in Adv. No. 8:26-ap-01044-SC.

### B. Transaction documents regarding the $406,000 debt

1. Kinglet grantee information / Orange County Recorder information for 1789 Kinglet Court, Costa Mesa, California.
2. Promissory note dated October 1, 2021 in the principal amount of $406,000.

5

3. Deed of trust relating to 10042 Rangeview Drive, Santa Ana/North Tustin, California.

4. Notary acknowledgment and documents involving Quan Minh Pham.

5. Kinglet grant deed showing Plaintiff's transfer of her ownership interest.

6. Documents showing Plaintiff's performance and Defendant's failure to repay.

**C. Title, lien, and recording records**

1. Fidelity National Title Company preliminary title report, including lien-priority information.

2. Recorded deed of trust in favor of Julie Dao and Quan Minh Pham in the amount of $508,000.

3. Recorded deed of trust in favor of Cindy Lina Vu in the amount of $406,000.

4. Documents showing the December 6, 2021 recording sequence.

5. Senior lien, notice of default, notice of trustee's sale, and foreclosure-related records concerning Rangeview.

6. Orange County Recorder records for relevant deeds, deeds of trust, and title documents.

**D. Bankruptcy documents**

1. Defendant Minh Tuong Nguyen's Chapter 7 petition, schedules, statement of financial affairs, mailing matrix, and amendments in Case No. 8:26-bk-10347-SC.

2. Documents showing Plaintiff was listed at an incorrect address in Defendant's bankruptcy schedules or creditor matrix.

3. Starworld USA LLC bankruptcy petition, schedules, statements, mailing matrix, notices, and related filings.

4. Documents showing Plaintiff's claim was scheduled or treated as a Rangeview-linked secured claim in Starworld USA LLC.

5. Documents relating to other Defendant-controlled or affiliated bankruptcy cases, including Jocotal LLC, Viet Ideas LLC, and Villa Park Mansion LLC, to the extent

relevant to Defendant's knowledge, control, intent, bankruptcy sophistication, and scheduling positions.

6. Records relating to Case No. 8:23-bk-12383-SC, including petition images, filing records, Social Security number information to the extent lawfully obtainable, signatures, addresses, and docket entries.

**E. Communications and notice documents**

1. Communications between Plaintiff and Defendant concerning the $406,000 obligation, Rangeview, Kinglet, repayment, and security.

2. Communications with Julie Dao, Quan Minh Pham, escrow/title personnel, or other persons concerning the transaction.

3. Notices received or not received concerning Defendant's bankruptcy filing.

4. Mailings, envelopes, returned mail, email communications, or other documents concerning notice to Plaintiff.

**F. Damages documents**

1. Promissory note and deed of trust supporting the $406,000 principal claim.

2. Records showing nonpayment.

3. Documents supporting contractual charges, interest, carrying costs, lost security, loss of property rights, foreclosure impact, and consequential damages.

4. Documents showing Plaintiff's costs incurred in asserting rights in bankruptcy and related proceedings, to the extent recoverable.

**G. Public records and certified records**

1. Certified or uncertified copies of recorded documents.

2. Bankruptcy court docket records.

3. Title records.

4. Trustee sale / foreclosure records.

5. Any documents obtained through subpoena or public-record request.

Plaintiff reserves the right to supplement this list as additional documents are obtained through discovery, subpoena, public-record requests, or Defendant's disclosures.

## III.   COMPUTATION OF DAMAGES

Plaintiff's damages are continuing and subject to supplementation. Based on information presently available, Plaintiff claims the following categories of damages:

**1. Principal debt**

**$406,000.00**

This is the principal amount of the obligation reflected in the promissory note and deed of trust relating to the Rangeview transaction.

**2. Contractual monthly charge / interest**

The promissory note provides for a monthly charge of **$2,500.00 per month**, beginning on or about **November 1, 2021.**

Plaintiff presently computes this component as follows, subject to correction and supplementation:

**$2,500.00 per month × number of months from November 1, 2021 through judgment or other applicable cutoff date.**

As of **May 15, 2026**, the estimated contractual monthly-charge component is approximately:

**$2,500.00 × 54 months = $135,000.00**

Plaintiff reserves the right to correct this computation depending on the legally applicable accrual date, cutoff date, compounding or non-compounding treatment, and any Court ruling.

**3. Current estimated total, excluding later-accruing amounts**

**$406,000.00 principal**

   • **approximately $135,000.00 estimated contractual monthly charge through May 15, 2026**

   **= approximately $541,000.00**

This estimate excludes post-disclosure accruals, costs, allowable interest, and other relief according to proof.

**4. Additional damages and relief according to proof**

Plaintiff also claims, to the extent recoverable:

1. prejudgment interest;
2. post-judgment interest;
3. costs of suit;
4. loss of security;
5. loss of property rights;
6. consequential damages caused by Defendant's alleged fraud and wrongful conduct;
7. *any additional amount established by evidence, amendment, or Court order;* and
8. a determination that the debt is nondischargeable under 11 U.S.C. § 523 and/or that Defendant's discharge should be denied under 11 U.S.C. § 727.

Plaintiff will make available for inspection and copying the documents on which these computations are based, including the promissory note, deed of trust, title records, bankruptcy records, foreclosure/title records, and related documents.

**IV.   INSURANCE AGREEMENTS**

Plaintiff is presently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in this adversary proceeding or to indemnify or reimburse Defendant for payments made to satisfy a judgment.

Plaintiff reserves the right to supplement this disclosure if Defendant identifies any insurance agreement, indemnity agreement, escrow bond, professional liability policy, title-related coverage, or other agreement potentially responsive to Rule 26(a)(1)(A)(iv).

## V.   RESERVATION OF RIGHTS

Plaintiff reserves all rights to:

1. supplement or amend these disclosures;

2. use additional witnesses or documents identified through discovery;

3. object to Defendant's evidence;

4. seek subpoenas to third parties;

5. seek sanctions or other relief if Defendant fails to provide disclosures or cooperate in discovery;

6. assert privilege, work-product protection, privacy objections, or other applicable protections; and

7. rely on public records, certified records, court records, and bankruptcy records obtained after these disclosures.

Dated:  May 15, 2026

By:   _____
**Cindy Lina Vu**
Plaintiff, Pro Se

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3672 Hamilton St. Irvine CA 92614

A true and correct copy of the foregoing document entitled (*specify*): _____
*Declaration of Cindy Lina Vu Regarding Rule 26(f) Meet-And- Confer Attemps in Support of Plaintiff's Unilateral Status*
*Report* _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __05/27/2026__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
MINH TUONG NGUYEN - 840 Chateau Ct. Garden Grove, CA 92841

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/27/2026 | DongSa Nguyen | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**